**In the Matter of HERBERT'S-AT-HEW-LETT, INC., Alleged Bankrupt.**
**No. 61 B 283.**

United States District Court
E. D. New York.
June 2, 1961.

Isidore Miller, New York City, for alleged bankrupt.

Siegel, Sommers & Schwartz, Brooklyn, N. Y., for petitioning creditors, by Leonard Schwartz, Brooklyn, N. Y., of counsel.

BYERS, District Judge.

The alleged bankrupt has filed an answer on April 17, 1961 to an involuntary petition filed on the 10th of that month. Issue is directed to Paragraphs 4 and 4(b) which allege that within four months, to wit, the 1st day of March, 1961 and April 10, 1961, the bankrupt did (b) "While insolvent transfer property and various moneys amounting in the aggregate to * * * the sum of $2,000.00 to various creditors with intent to prefer such creditors over other creditors of the same class * * *."

Insolvency during the four month period prior to the filing of the petition was conceded at the trial.

It was also conceded that seven checks to various creditors were so issued in the total sum of $1,387.08 and that there were other creditors of the same class who were not paid.

The bankrupt computes the net amount to be so stated, as $1,049.58 by deducting a rental payment for March to the landlord of $200 and by crediting against the total certain of the so-called "current" bills, as contrasted with past due accounts.

These distinctions cannot govern the decision of the case, because they have been urged without supporting evidence; and also because they are unimportant in the legal sense. As to the rental payment, it is assumed to have been made as the alleged bankrupt asserts.

The principal issue raised has to do with 19 salary checks, ten to Mr. Hirsch of $114 each, and nine to his wife of $77 each. These individuals are the two officers of the corporation which is the alleged bankrupt. Hirsch testified that while these checks were issued, they were never presented for payment, but were held in the corporate safe at the instance of the respective payees so that the corporate bank account would not be de-

pleted by the sums so indicated, whereby the checks first above referred to, could be cashed by the several creditors to whom they were issued. From this it is argued that in effect it was the personal funds of Hirsch and his wife which were used to make the preferential payments. which are the subject matter of the petition.

In the opinion of this Court that argument is fallacious. The most that could result from the circumstances is that the total of the Hirsch checks, $1,833, was in effect borrowed by the corporation from these two individuals, whereby the corporation was placed in a position to pay some of its creditors, but not all, in the same class.

The preferential purpose was carried into effect and it matters not that it was accomplished by the use of borrowed funds.

The checks to creditors were drawn between March 1st and March 4th, 1961, while the salary checks were issued during the period between February 2, 1961 and April 26, 1961, so that as to those dated after March 4, 1961 there was nothing to support the tenuous theory of the creation of a separate fund belonging to Hirsch and his wife between March 4th and April 26th, 1961.

Since one aim of Section 60 of the Bankruptcy Act, 11 U.S.C.A. § 96 is to secure uniformity of treatment of all creditors of the same class, and since that aim has been defeated by the corporate action of the alleged bankrupt, it follows that the issues attempted to be raised by the Answer are legally insufficient, and adjudication must be and hereby is ordered.

The alleged bankrupt relies upon the language of certain early cases in which the courts were reluctant to enforce the Act under circumstances that indicated a purpose by an insolvent debtor to keep his enterprise in operation in spite of financial stress. Those cases were decided prior to the amendments to the Act now found in Chapter XI concerning Arrangements, 11 U.S.C.A. § 701 et seq.

The discussion in Collier (14th Ed.) Par. 3.206 will be found helpful.

Settle order on two days' notice, within five days from date.